One Pasquale Criscitiello appeals from two orders made by the Ordinary of the Prerogative Court, dated June 28th, 1943, on the advice of the Vice-Ordinary, in the matter of the estate of Fiorentina De Pascale. Consideration of the provisions and validity of these orders is best approached by a brief review of the litigation leading to their issuance.
Fiorentina De Pascale died intestate July 18th, 1941, a resident of Hudson County. She left surviving her an *Page 372 
adopted child, Livia Lucia Teresa De Pascale, an infant of the age of eight or nine years, adopted by the decedent March 10th, 1933, and also next of kin residing in Italy, to wit, a father, brother and two sisters.
Italia Tanga, claiming to be a second cousin of the decedent, and the only living relative in the United States of the next of kin in Italy, and that such next of kin had requested her to represent their interests in decedent's estate, applied to the surrogate of Hudson County on August 28th, 1941, for letters of administration on the estate and for letters of guardianship of the adopted infant child of the decedent.
It is claimed that at the time of making the application for administration and guardianship a thorough search of the records of the surrogate's office was made by the attorneys of Italia Tanga, and that the search disclosed no application on record for such administration or guardianship; that on the day after the application was made by Italia Tanga the surrogate's office notified her attorneys that application had been made on July 30th, 1941, for such administration and guardianship by one Pasquale Criscitiello, and that letters had been granted to him. The attorneys are said thereupon to have gone to the surrogate's office and found that application for such administration and guardianship by said Pasquale Criscitiello then appeared to have been entered in the records and such letters were inserted in the book containing these letters at the end of the July, 1941, records. The attorneys claim to be positive and certain that such records had not been entered in those books the day before when counsel had examined them.
Pasquale Criscitiello is claimed to be a complete stranger to the estate of the decedent, though a natural brother of the adopted infant child. No notice of his application for appointment of himself either as administrator or guardian was served on any of the next of kin mentioned, nor did the latter renounce their right to administer the estate. Italia Tanga asserts she had proof which was submitted to the surrogate and to the Orphans Court of the county that she had been requested to act in the matter by the father, brother *Page 373 
and sisters who resided in Italy and had contingent interests in the estate (in the event that the minor adopted child should die before becoming of age).
Italia Tanga petitioned the surrogate to remove Criscitiello as administrator of the estate of the decedent and as guardian of the child. On December 23d 1941, the surrogate made an order denying the petition for removal.
Italia Tanga appealed to the Orphans Court from the surrogate's appointment of Criscitiello as administrator and guardian. On March 9th, 1942, the Orphans Court made an order denying the application to set aside the surrogate's decree of appointment. Italia Tanga thereupon filed in the Prerogative Court her petition dated May 6th, 1942, appealing from the decree of the surrogate appointing the administrator and guardian, the decree of the surrogate denying the application to remove the administrator and guardian, and the decree of the Orphans Court refusing to set aside the surrogate's decrees.
The next move in the case was by Criscitiello, the administrator and guardian, who noticed a motion before the Vice-Ordinary returnable May 18th, 1942, to dismiss the appeal of Italia Tanga in the Prerogative Court. A number of technical grounds were urged in support of the motion to dismiss.
On June 2d 1942, the Vice-Ordinary made an order staying further proceedings upon the appeal until the further order of the court, pending determination of a motion by Italia Tanga for an order to take testimony and for the removal of the administrator and guardian pending the determination of the appeal. This order also extended the time for filing the transcript.
On October 22d 1942, an order of the Vice-Ordinary was filed permitting the appellant, Tanga, to take testimony for the purpose of completing the record, appointing a special master to take the testimony, appointing a temporary administrator and guardian, and removing Criscitiello from those offices pending the determination of the appeal.
On November 16th, 1942, Criscitiello moved to vacate the "undated order" filed on October 22d 1942.
On May 12th, 1943, Criscitiello notified the appellant of *Page 374 
his intention to submit on May 17th, 1943, a proposed order as annexed to the motion papers, dismissing the appeal in the cause. This application was determined by the Vice-Ordinary by an order dated June 28th, 1943, denying the application for dismissal of the appeal, and "continuing under advisement, the appellee's motion of May 18th, 1942, to dismiss the petition of appeal on the grounds therein expressed." This is one of the orders now on appeal before us in this court.
On June 22d 1943, Criscitiello gave notice of a motion to suppress all testimony taken before the master and to vacate the undated order of October 22d 1942, and to stay any further proceedings before the master. Twelve grounds in support of said motion are enumerated in the notice. The motion was made returnable on June 28th, 1943. On that date the Vice-Ordinary made an order giving leave to appellant and appellee to take testimony before the special master on two points: (1) the relationship of the parties appellant and appellee to the decedent, Fiorentina De Pascale, and the minor, Livia L.T. De Pascale, and (2) any proceedings in the Hudson County surrogate's office by either the appellant or the appellee looking to their respective appointments as administrator and guardian, the action of the surrogate on said proceedings and the disposition of such applications by him. The order directed the master to report the testimony and his conclusions, pursuant to the orders of reference to him, with all convenient speed. This is the other of the two orders, both dated June 28th, 1943, now before us for review.
It is clear that the orders in question are discretionary and interlocutory in character. Neither effects or purports to effect a final disposition of the rights of the parties. They constitute a step in the cause. They are in aid of the record and proof on the issues involved, and of control of the actions of the parties until such issues have been decided and the respective rights determined. There is nothing in the record to indicate any abuse of discretion on the part of the court in the making of the orders. The orders are therefore affirmed, with costs. *Page 375 
 For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.
For reversal — None.